```
         IN THE UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF ARKANSAS
                   PINE BLUFF DIVISION
```

FLOYD M. THOMAS, JR.,                                       Plaintiff

v.                           5:09CV00319 JMM/HDY

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration,                                    Defendant

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge James M. Moody. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Floyd M. Thomas, Jr., has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for Disability Insurance benefits and Supplemental Security Income, based on disability. Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. Slusser v. Astrue, 557 F.3d 923, 925 (8th Cir. 2009); Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A); 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3); 1382c(a)(3)(D).

Plaintiff alleged that he was limited in his ability to work by back problems, high blood pressure, liver problems, high cholesterol, heart problems, depression and acid reflux. (Tr. 117) The Commissioner found that he was not disabled within the meaning of the Social Security Act.  The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through August 3, 2009, the date of his decision.  (Tr. 20) On September 15, 2009, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (Tr. 1-3) Plaintiff then filed his complaint initiating this appeal. (Docket #2)

After consideration of the record as a whole, the Court recommends a finding that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 41 years old at the time of the hearing. (Tr. 25)  He is a high school graduate in regular classes. (Tr. 25, 122)  He has past relevant work as a diesel mechanic, production

---

[1]The Hon. Charles W. Kunderer.

supervisor, scaffold builder, security worker, truck driver and utility operator.  (Tr. 18, 118-19, 900)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process.  The first step involves a determination of whether the claimant is involved in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i) (2008).  If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience.  Id. §§ 404.1520(b), 416.920(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement.  Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If not, benefits are denied.  Id.  A "severe" impairment significantly limits a claimant's ability to perform basic work activities.  Id. §§ 404.1520(c), 416.920(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment.  Id. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If so, and the duration requirement is met, benefits are awarded.  Id.

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made.  Id. §§ 404.1520(a)(4), 416.920(a)(4).  This residual functional capacity assessment is utilized at Steps 4 and 5.  Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant

work.    Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).    If so, benefits are denied.   Id.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience.    Id. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If so, benefits are denied; if not, benefits are awarded.   Id.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 10) He found that Plaintiff had "severe" impairments, alcohol dependence with substance-induced depression; right lower extremity impairment variously diagnosed as moderate, posttraumatic degenerative joint changes of mild degree, pes plantus, mild hallux valgus deformity and non-neurocompressive ganglion cyst; a history of hypertension and degenerative changes of the lumbosacral spine. (Tr. 10) He found Plaintiff did not have an impairment or combination of impairments that met or equaled a Listing. (Tr. 11) He judged that Plaintiff's allegations regarding the intensity, persistence and limiting effects of his symptoms were not totally credible. (Tr. 17)

The ALJ found Plaintiff retained the residual functional capacity for a reduced range of light work. (Tr. 15) He determined Plaintiff was unable to perform any of his past relevant work. (Tr. 18) The ALJ correctly noted that, once Plaintiff was determined to be unable to perform his past relevant work, the

burden shifted to the Commissioner to show a significant number of jobs within the economy that he could perform, given his residual functional capacity, age, education and past work. (Tr. 10) Based on the testimony of a vocational expert witness in response to a hypothetical question, the ALJ found that there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding his limitations, for example, inspector/tester and production worker. (Tr. 19) Thus, the ALJ concluded that Plaintiff was not disabled. Id.

Plaintiff argues the ALJ's mental residual functional capacity determination was flawed, and therefore his hypothetical to the vocational expert was, also. (Br. 7) He contends that when he added "the requisite impairments"[2] during cross-examination, the vocational expert acknowledged the range of jobs she identified would be adversely impacted. (Br. 7-8) She did testify that the number of jobs would be reduced, but not eliminated. (Tr. 39-40)

In regard to his mental residual functional capacity, the ALJ noted:

> Superimposed on claimant's medical impairments is a mental disorder imposing additional work-related limitations. Whether substance abuse is the precipitating trigger of depressive symptoms or depressive symptoms occur independently of substance abuse, the medical evidence does not provide an appropriate basis for a finding of marked functional limitation as a consequence of mental symptoms in the absence of ongoing alcohol use. To give full

---

[2] Plaintiff does not identify what those "requisite impairments" were. (Br. 7-8)

6

>consideration to baseline mental symptoms that may persist even when alcohol abuse is not a factor. I further find that claimant is not an appropriate candidate for work requiring the ability to understand, remember and carry out detailed instructions, maintain attention and concentration for extended periods or exercise significant judgment in making work related decisions. He is capable of understanding, remembering and carrying out short job tasks with simple instructions learned by rote.
>
>As set forth in Finding 4, there is a basis for mild limitations concerning social functioning. Consequently, I find that claimant is limited to types of work involving no more than incidental contact with others in the workplace and simple, direct and concrete supervision. The specific functional limitations identified in the residual functional capacity assessment comport with the findings of mild and moderate limitation fully explained in Finding 4.

(Tr. 16)

The record supports the ALJ's mental residual functional capacity determination. Plaintiff briefly testified that he suffered from "some sort of posttraumatic stress disorder." (Tr. 28) However, Veterans Administration medical personnel repeatedly noted that he did not suffer from posttraumatic stress disorder. (Tr. 591, 725, 838, 938) He also admitted that he had medication that "pretty much calm[ed} him down" when he suffered from those symptoms. (Tr. 28) He also admitted he had medication which helped the effects of his depression. (Tr. 29)

Next, Plaintiff complains the ALJ "relied almost exclusively" on the opinion of a DDS non-examining consultant. (Br. 8) Plaintiff does not, however, point to the record in support of that argument. Such a failure to cite to the record in support of an

argument is waiver of the argument.

> [W]e see no reason to abandon the settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones. As we recently said in a closely analogous context: "Judges are not expected to be mind[]readers. Consequently, a litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace."

United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990), cert. denied, 494 U.S. 1082 (1992)(citations omitted); accord, Rotskoff v. Cooley, 438 F.3d 852, 854-55 (8th Cir. 2006) (issue deemed abandoned when not developed in brief); Vandenboom v. Barnhart, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory assertion that ALJ failed to consider whether claimant met Listings because claimant provided no analysis of relevant law or facts regarding Listings); Perez v. Barnhart, 415 F.3d 457, 462 n.4 (5th Cir. 2005) (argument waived by inadequate briefing); Murrell v. Shalala, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (perfunctory complaint fails to frame and develop issue sufficiently to invoke appellate review); Hartmann v. Prudential Ins. Co. of America, 9 F.3d 1207, 1212 (7th Cir. 1993) (failure to press a point, even if mentioned, and to support it with proper argument and authority forfeits it) (Posner, C.J.); SEC v. Thomas, 965 F.2d 825, 827 (10th Cir. 1992) (it is obligatory that appellant claiming error as to factual determination provide court with essential references to record to carry burden of proving error); Leer v. Murphy, 844 F.2d

argument is waiver of the argument.

> [W]e see no reason to abandon the settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones. As we recently said in a closely analogous context: "Judges are not expected to be mind[]readers. Consequently, a litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace."

United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990), cert. denied, 494 U.S. 1082 (1992)(citations omitted); accord, Rotskoff v. Cooley, 438 F.3d 852, 854-55 (8th Cir. 2006) (issue deemed abandoned when not developed in brief); Vandenboom v. Barnhart, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory assertion that ALJ failed to consider whether claimant met Listings because claimant provided no analysis of relevant law or facts regarding Listings); Perez v. Barnhart, 415 F.3d 457, 462 n.4 (5th Cir. 2005) (argument waived by inadequate briefing); Murrell v. Shalala, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (perfunctory complaint fails to frame and develop issue sufficiently to invoke appellate review); Hartmann v. Prudential Ins. Co. of America, 9 F.3d 1207, 1212 (7th Cir. 1993) (failure to press a point, even if mentioned, and to support it with proper argument and authority forfeits it) (Posner, C.J.); SEC v. Thomas, 965 F.2d 825, 827 (10th Cir. 1992) (it is obligatory that appellant claiming error as to factual determination provide court with essential references to record to carry burden of proving error); Leer v. Murphy, 844 F.2d

628, 635 (9th Cir. 1988) (issues raised in brief which are not supported by argument are deemed abandoned).

A fair reading of the ALJ's opinion reveals that he considered and relied upon all the medical evidence of record in reaching his determination.  (Tr. 11-18)

It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  Richardson v. Perales, 402 U.S. at 401; see also Reutter ex rel. Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final determination of the Commissioner be affirmed and that Plaintiff's complaint be

dismissed with prejudice.

DATED this ___4___ day of March, 2011.


_____
UNITED STATES MAGISTRATE JUDGE